UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 26-6249 (PVC) Date: October 30, 2026

Title Rustam Boboev v. Ernesto Santacruz Jr. et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| None | None |

**PROCEEDINGS: [IN CHAMBERS] ORDER GRANTING PETITION (Dkt. No. 1) AND DENYING REQUESTED TRO AS MOOT (Dkt. No. 3)**

Petitioner Rustam Boboev, represented by counsel, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 22, 2026. ("Petition," Dkt. No. 1) For the reasons stated below, the Petition is GRANTED.

## I. Factual Background

Petitioner is a noncitizen from Tajikistan who is currently detained at the Adelanto ICE Processing Center. (Petition at ¶ 1). Petitioner entered the United States through San Ysidro, California on December 23, 2023, and was subsequently released by immigration authorities on an Order of Release on Recognizance. (Id. at ¶ 2). After his release, Petitioner applied for asylum, withholding of removal and protection under the Convention Against Torture. (Id. at ¶ 3). On October 14, 2026, appearing at a scheduled check-in with Immigration and Customs Enforcement ("ICE"), Petitioner was taken into custody and taken to the Adelanto ICE Processing Center, where he remains. (Id. at ¶ 4). Petitioner has never been charged nor convicted of a crime in the United States.

## II. Discussion

Respondents failed to appear, or respond to the Petition, in violation of General Order 26-05.[1] (*See* Dkt. No. 5). Petitioner noted this failure and seeks a grant of the Petition and immediate release. (Dkt. No. 8 at p. 3). Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Amended Petition in this case – despite having notice of its obligation to do so and an opportunity to be heard in opposition to the Petition – to be its consent to granting the relief sought in that pleading.

## III. Conclusion

For the reasons set forth here, as well as those set forth in Petitioner's Notice of Respondents' Failure to Appear and Answer and Request for Grant of the Petition (Dkt. No. 8), the Court ORDERS as follows:

1. The Petition (Dkt. No. 1) is hereby GRANTED;
2. Respondents shall immediately release Petitioner Rustam Boboev (A# 245 662 172) from custody on the conditions of his release in effect before October 14, 2026.
3. If Respondents have not released Petitioner within three days of the date of this Order, Petitioner may file a request for an order to show cause re contempt.
4. Respondents shall not re-detain Petitioner without first providing him a pre-detention hearing before a neutral decisionmaker at which Respondents

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding General Order 26-05.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. EDCV 26-6249 (PVC) Date: October 30, 2026

Title Rustam Boboev v. Ernesto Santacruz Jr. et al.

bear the burden of demonstrating, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community.

4. Petitioner's Ex Parte Application for a Temporary Restraining Order (Dkt. 3) is DENIED as moot in light of this Order.

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his address of record.

IT IS SO ORDERED.

| | |
|---|---|
| | 00:00 |
| **Initials of Preparer** | mr |